# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**DENNIS W. MONTOYA,**

 **Plaintiff,**

**vs.**                  **No. 17 CV 693 JAP/JHR**

**DANIEL J. O'FRIEL and**
**O'FRIEL & LEVY, P.C.,**

 **Defendants.**

## MEMORANDUM OPINION AND ORDER

  In DEFENDANTS' MOTION TO DISMISS (Doc. No. 9) (Motion),[1] Defendants Daniel J. O'Friel (O'Friel), an attorney, and the law firm of O'Friel & Levy, P.C., (together Defendants) ask the Court to dismiss the claim brought by Plaintiff Dennis W. Montoya (Montoya) for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq. See* COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (Doc. No. 1) (Complaint). Defendants argue they are not subject to the FDCPA because they are not "debt collectors" as defined under the FDCPA. Alternatively, Defendants contend that when Montoya filed Chapter 7 bankruptcy, his claim became property of his bankruptcy estate, and Montoya has no standing to bring this claim. Defendants maintain that under the Bankruptcy Code and the Federal Rules, the Chapter 7 Trustee must prosecute this claim.

  After carefully considering all arguments, the Court finds that the Complaint fails to sufficiently allege that Defendants were debt collectors within the meaning of the FDCPA. Consequently, the Court will dismiss the Complaint with prejudice. Since the claim fails as a

---

[1] The Motion is fully briefed. *See* RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (Doc. No. 13) (Response) *and* DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS (Doc. No. 14) (Reply).

matter of law, the Court will not address the substitution of the Chapter 7 trustee as the real party in interest under Fed. R. Civ. P. 17(a)(3).

I. STANDARD OF REVIEW

Under Rule 12(b)(6) a court may dismiss a claim "for failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991)). In evaluating a Rule 12(b)(6) motion, the court must "accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view the facts in the light most favorable to the nonmoving party." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998). Even though the court must accept as true all well-pleaded facts in the complaint, the court is under no obligation to accept bare conclusory allegations. *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And the court is not required to accept legal conclusions without factual support. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). To summarize, a complaint must contain sufficient factual allegations "to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true. . . ." *Twombly*, 550 U.S. at 555.

In ruling on a motion to dismiss, a court typically considers only the well-pleaded facts alleged in the complaint. *Martin v. Central States Emblems, Inc.*, 150 F. App'x 852, 857 (10th Cir. Oct. 11, 2005) (unpublished) (citing *County of Santa Fe v. Pub. Serv. Co. of N.M.*, 311 F.3d 1031, 1035 (10th Cir. 2002)). However, a court may also consider documents referred to in a complaint, without converting a motion to dismiss into a motion for summary judgment, if the

documents are central to the plaintiff's claim and the parties do not dispute their authenticity. *Martin*, 311 F.3d at 1035 (citing *County of Santa Fe*). A court may also consider documents of which the court may take judicial notice. *S.E.C. v. Goldstone*, 952 F. Supp. 2d 1060, 1190 (D.N.M. 2013).

   II.   BACKGROUND

      A.   <u>*Federal Civil Rights Case No. 05 CV 1155 JB/LAM*</u>

On November 4, 2002, Dennis O'Brien (O'Brien), then a sergeant with the Santa Fe Sheriff's Office (SFSO), shot Walter Mitchell (Mitchell), who was allegedly intoxicated, mentally ill, and threatening O'Brien with a sword during a domestic abuse call. In the First Judicial District Court, Santa Fe County, New Mexico, Mitchell was found guilty but mentally ill on the charge of assault with a deadly weapon. *State v. Mitchell*, D-101-CR-2002-1027.

On November 2, 2005, Montoya, then a practicing attorney, filed a civil rights lawsuit on behalf of Mitchell against the City of Santa Fe, the Santa Fe Police Department, and "Dennis O'Brian [sic]." *Mitchell v. City of Santa Fe and Dennis O'Brien*, No. 05 CV 1155 JB/LAM, COMPLAINT FOR CIVIL RIGHTS VIOLATIONS (Doc. No. 1) (D.N.M.) (*Mitchell* Complaint). Return of service for the *Mitchell* Complaint was executed indicating service on O'Brien and the City of Santa Fe.

On April 20, 2006, Mitchell filed a FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS (Doc. No. 13) (*Mitchell* FAC) replacing Defendant City of Santa Fe with Defendant Board of County Commissioners of the County of Santa Fe (the County); correcting the spelling of O'Brien's name; and identifying O'Brien as "[a] Deputy Sheriff with the Santa Fe Sheriff's Department." *Id.* No return of service was filed for the *Mitchell* FAC. In

3

the *Mitchell* FAC, Mitchell alleged that O'Brien shot him from behind a total of three times. *Id.* ¶ 11.

Neither O'Brien nor the County responded to the *Mitchell* Complaint and the *Mitchell* FAC. *Mitchell v. City of Santa Fe and Dennis O'Brien*, No. 05 CV 1155 JB/LAM, MEMORANDUM OPINION AND ORDER (Doc. No. 60) (Relief from Default Judgment MOO) at 2 (D.N.M. Mar. 31, 2011). On April 11, 2006, Montoya on behalf of Mitchell filed a motion for default judgment against O'Brien asserting that O'Brien was properly served with the *Mitchell* Complaint. *Id*. On April 12, 2006, the Clerk of the United States District Court for the District of New Mexico docketed an entry of default against O'Brien. *Id.* at 2–3. On May 9, 2006, the Honorable United States District Judge James O. Browning entered an order granting Mitchell's application for default judgment. *Id.* at 3.[2] A hearing on damages was scheduled for June 16, 2006. *Id.* Mitchell, however, did not personally serve O'Brien with notice of the hearing. *Id.* At the beginning of the scheduled hearing on damages, Montoya withdrew Mitchell's jury demand for purposes of the hearing. *Id.* However, Montoya argued that if O'Brien made an appearance in the case, Mitchell reserved the right to renew his jury demand. *Id.*

On May 9, 2007, Judge Browning ruled on two legal issues in a MEMORANDUM OPINION AND ORDER (Doc. No. 18) (Default Judgment MOO). *Id.* at 4. First, Judge Browning ruled that Mitchell was not required to serve O'Brien with notice of the hearing on damages. *Id.* Second, Judge Browning ruled that under Fed. R. Civ. P. 38(d), Mitchell could not

---

[2] Mitchell asserted that service on O'Brien was reliable, because O'Brien was an active duty deputy sheriff with the Santa Fe County Sheriff's Department and another deputy sheriff of the same department served O'Brien. MEMORANDUM OPINION AND ORDER (Doc. No. 60) at 2 (D.N.M. Mar. 31, 2011) (citing Transcript of Hearing on Motion to Set Aside Default Judgment).

unilaterally withdraw his jury demand; therefore, Mitchell's damages had to be determined by a jury. *Id.*

On December 10, 2007, a jury trial on damages was held. Clerk's Minutes (Doc. No. 46). The jury awarded Mitchell $2.5 million in compensatory damages and $500,000 in punitive damages. Relief from Default Judgment MOO at 4. On December 28, 2007, Montoya on behalf of Mitchell filed a notice of voluntary dismissal under Fed. R. Civ. P. 41, and the Board of Commissioners of the County of Santa Fe (Board) was dismissed from the case.[3] *Id.* On December 31, 2007, Judge Browning entered a Final Judgment against O'Brien. *Id.* Sometime after the Final Judgment was entered, Mitchell died. *Id.*

On March 23, 2010, the Board and O'Brien filed an independent action as a motion under Fed. R. Civ. P. 60(d)(1) seeking to vacate the $ 3 million Final Judgment.[4] *Mitchell v. City of Santa Fe and Dennis O'Brien*, No. 05 CV 1155 JB/LAM, Defendants' Independent Action for Relief from Judgment (Doc. No. 49). The Board and O'Brien asserted that service of the *Mitchell* Complaint and the *Mitchell* FAC was deficient or non-existent; that neither the Board nor O'Brien received notice of the lawsuit; and that the jury trial on damages and the entry of the $ 3 million Final Judgment violated the Board's and O'Brien's due process rights. *Id.* at 7–9. Judge Browning denied that request concluding that relief could be granted only through a separate action instead of a motion in the *Mitchell* case. Relief from Default Judgment MOO at 7.

On May 11, 2011, the Board and O'Brien filed an independent action against Mitchell's estate. *See O'Brien v. David E. Mitchell, Personal Representative of the Estate of Walter*

---

[3] [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.] Fed. R. Civ. P. 41(a)(1)(A)(i).
[4] "This rule does not limit the court's power to . . . entertain an independent action to relieve a party from a judgment, order or proceeding[.]" Fed. R. Civ. P. 60(d)(1). "If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action." Fed. R. Civ. P. 60 advisory committee notes to the 1946 amendment.

*Mitchell*, Case No. 11 CV 409 JB/WDS, COMPLAINT TO SET ASIDE JUDGMENT (Doc. No. 1). The parties settled that case and agreed to vacate the Final Judgment in the *Mitchell* case. On December 13, 2012, Judge Browning entered a STIPULATED ORDER VACATING FINAL JUDGMENT AND DISSOLVING LIS PENDENS (Doc. No. 61) in Case No. 05 CV 1155 JB/LAM, and a STIPULATED ORDER VACATING FINAL JUDGMENT AND DISSOLVING LIS PENDENS (Doc. No. 68) in Case No. 11 CV 409 JB/WDS.

      B.    *Malicious Abuse of Process Case in New Mexico State Court*

On December 22, 2011, O'Brien, represented by O'Friel and O'Friel & Levy, filed a claim against Montoya for malicious abuse of process in the First Judicial District Court, Santa Fe County, New Mexico. O'Brien alleged that Montoya violated O'Brien's due process rights in the *Mitchell* case by purposefully failing to properly serve O'Brien; obtaining a default judgment; and acquiring a jury award of damages in the amount of $3 million. *O'Brien v. Montoya*, D-101-CV-2011-03850.

The parties filed cross motions for summary judgment. Montoya argued on summary judgment that O'Brien's claim was barred under the four-year statute of limitations. On July 31, 2014, the court denied that motion finding that O'Brien's cause of action accrued when O'Brien allegedly first learned about the default judgment on February 22, 2011. O'Brien moved for summary judgment on the merits. The district court granted O'Brien's motion for summary judgment and awarded judgment in favor of O'Brien in the amount of $500,000.[5] Montoya appealed that ruling to the New Mexico Court of Appeals.

On October 22, 2014, O'Friel, and O'Friel & Levy, on behalf of O'Brien, filed a Transcript of Judgment in Sandoval County, New Mexico, where Montoya resided. O'Friel, on behalf of O'Brien, initiated garnishment proceedings against Montoya, and Montoya paid a total

---

[5] The court awarded actual damages of $192,000.00 and punitive damages of $384,000.00.

of $7,000 toward the $500,000 judgment in monthly increments. The $7,000 is deposited in the O'Friel & Levy trust account.

1. New Mexico Court of Appeals

On July 5, 2016, the New Mexico Court of Appeals reversed the district court's summary judgment rulings. The Court of Appeals held that there was conflicting evidence regarding when O'Brien first learned about the *Mitchell* case, due to a press report, which would have been the triggering event to start the limitations clock for O'Brien's malicious abuse of process claim against Montoya. The court concluded that if O'Brien knew, or should have known, about the civil rights lawsuit earlier than he claimed to have learned about it, the claim would be barred. *See O'Brien v. Montoya,* No. 34,287, MEMORANDUM OPINION, 2016 WL 4368536 (N.M. Ct. App. July 5, 2016) (unpublished) (Mot. Ex. A). The Court of Appeals remanded the case back to the First Judicial District Court.

2. Chapter 7 Bankruptcy

On remand, the First Judicial District Court set the case for bench trial on July 24, 2017. However, on July 17, 2017, Montoya and his wife filed a Chapter 7 Bankruptcy petition in the Bankruptcy Court for the District of New Mexico. *In re Montoya*, Bankr. No. 17-11823-t7 (Bankr. D.N.M.). Consequently, all proceedings in the malicious abuse of process case were stayed. In Bankruptcy Court, O'Brien filed a motion to lift the automatic bankruptcy stay, and the Bankruptcy Court held a final hearing on that motion on October 27, 2017.

On October 10, 2017, the Chapter 7 Trustee, Edward Mazel, entered a Report of No Distribution stating that "there is no property available for distribution from the estate over and above that exempted by law. Pursuant to [Fed. R. Bankr. P.] 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from

any further duties as trustee." *In re Montoya*, Bankr. No. 17-11823-t7 Chapter 7 Trustee's Report of No Distribution (Doc. No. 41). Montoya listed this FDCPA claim as an asset of his bankruptcy estate. *See* Schedule A/B Property (Doc. No. 26) at p. 7.[6]

On October 13, 2017, O'Brien filed an adversary proceeding in the Bankruptcy Court. *See O'Brien v. Montoya (In re Montoya)*, No. 17-1080-t, COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT (Doc. No. 1) arguing that any judgment for damages entered in the malicious abuse of process case would be non-dischargeable in Montoya's bankruptcy. 11 U.S.C. § 523(a).

On November 21, 2017, Bankruptcy Judge David Thuma denied O'Brien's motion for relief from stay. *In re Montoya*, No. 17-11823-t7, OPINION (Doc. No. 53). Judge Thuma found that the malicious abuse of process claim was "connected to the bankruptcy case because it would liquidate a claim of the only interested creditor [O'Brien]." *Id.* at 5. Judge Thuma ruled that the bankruptcy court would not only determine the merits of O'Brien's claim, it would also determine if O'Brien's judgment debt was non-dischargeable in the bankruptcy case,[7] an issue that could not be decided by the state court. *Id.* at 5–9. Judge Thuma concluded that "keeping the stay in place, the Court can determine all issues, including the statute of limitations, liability, damages, and dischargeability. No significant delay should result." *Id.* at 10.

---

[6] Because Montoya is now in bankruptcy, even if Montoya had a valid claim under the FDCPA, the claim is an asset of Montoya's Chapter 7 bankruptcy estate. *In re DC Energy, LLC*, 555 B.R. 786, 790 (Bankr. D.N.M. 2016). Once a bankruptcy estate is established, "the bankruptcy trustee becomes the representative of the estate and has the capacity to sue and be sued on behalf of the estate." *In re Cook,* 520 Fed. App'x 697, 701–02 (10th Cir. 2013). Thus, Montoya would have no standing to pursue the claim unless and until the Chapter 7 Trustee abandons the claim. *See Cohen v. Property Owners Comm. of Rio Rancho Valley Estates (In re Cohen)*, No. 7-10-15616 JR, Adv. No. 11-1198 J, 2012 WL 1192779, at *3 (Bankr. D.N.M. Apr. 10, 2012) (dismissing tort and civil rights claims for lack of subject matter jurisdiction, but staying the ruling to give the Chapter 7 trustee time to decide whether to be substituted as real party in interest). Since the Court is dismissing the FDCPA claim under Rule 12(b)(6), the substitution of the Chapter 7 trustee as the real party in interest becomes moot.

[7] O'Brien's adversary proceeding was premised on the argument that any judgment against Montoya was non-dischargeable under 11 U.S.C. § 523 (a)(2)(A) (money obtained by actual fraud); or § 523(a)(6) (debtor caused injury to creditor through willful or malicious actions).

C. *Disgorgement Action in New Mexico Thirteenth Judicial District Court*

On June 26, 2017, prior to the Court of Appeals opinion, Montoya filed a disgorgement action against O'Friel and his firm for return of the $7,000. No. D-1329-CV-2017–1310.

D. *The Current FDCPA Claim in this Court*

On July 1, 2017, Montoya filed his Complaint claiming that after the Court of Appeals reversed summary judgment in favor of O'Brien and against Montoya, O'Friel and his law firm violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA) by refusing Montoya'a demand to return the $7,000 held in the O'Friel & Levy trust account. FDCPA Complaint ¶¶ 17–28. Montoya also claims that O'Friel and his firm violated the FDCPA by refusing the demand to remove the Transcript of Judgment filed in the court records of Sandoval County. *Id.*

III. DISCUSSION

On July 20, 2017, Defendants filed the Motion making several arguments for dismissal of the Complaint; however, in the Reply brief, Defendants pared their arguments down to just two. First, Defendants argue that Montoya failed to properly allege facts to support a plausible claim under the FDCPA, which only allows claims against "debt collectors" as defined in the statute. Alternatively, Defendants contend that since Montoya filed Chapter 7 bankruptcy, he cannot prosecute this lawsuit as the real party in interest; and the Chapter 7 trustee must be given a reasonable time to "ratify, join, or be substituted into an action." Fed. R. Civ. P. 17(a)(3). Since the Court will grant the Motion on the first basis, the Court will not address the second.

### A. *Montoya has failed to plead a legally plausible FDCPA claim.*

Congress enacted the FDCPA in 1977 to counter the abusive, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers. 15 U.S.C. § 1692. The Act allows an aggrieved party to recover damages, attorney's fees and costs. 15 U.S.C. § 1692k(a). However, a plaintiff need not show any actual damage to be entitled to statutory damages up to $1,000 plus costs and attorney's fees. *Id.*

Defendants argue that Montoya did not plead facts that would allow an inference that Defendants are "debt collectors" under the FDCPA. A "debt collector" is defined as,

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, *or* who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6) (emphasis added). The FDCPA applies to lawyers and law firms that regularly engage in debt-collection activity, "even when that activity involves litigation[.]" *Miljkovic v. Shafritz & Dinkin, P.A.,* 791 F.3d 1291, 1297 (11th Cir. 2015); *see also James v. Wadas*, 724 F.3d 1312, 1316 (10th Cir. 2013) (affirming summary judgment in favor of lawyer because facts did not show that lawyer regularly engaged in collections actions on behalf of clients). Both Montoya and Defendants agree that the principal purpose of Defendants' business is not debt collection. Thus, to avoid dismissal, Montoya must adequately allege facts to show that Defendants regularly engage in collections activities for clients. *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995) (holding that an attorney regularly engaged in litigation to recover balances due on defaulted car loans was a "debt collector" under 15 U.S.C. § 1692a(6)).

In the Complaint, Montoya alleges that Defendants were "debt collector[s] as defined by 15 U.S.C. § 1692a(6)." (Compl. ¶¶ 5–6.) Montoya also alleges that during the appeal to the New Mexico Court of Appeals, Defendants "acted as debt collectors for their client, Dennis

O'Brien[]" (Compl. ¶ 12.) And, Montoya asserts that "in their capacity as debt collectors, Defendants filed a Transcript of Judgment with the Clerk of Plaintiff Montoya's home county" (*Id.* ¶ 13); and "in their capacity as debt collectors, Defendants filed garnishment pleadings and entered into an agreement to accept Seven Thousand Dollars ($7,000.00) in payments from Plaintiff Montoya toward the aforementioned judgment." (*Id.* ¶ 14.)[8] These are the only allegations in the Complaint related to Defendants' status as debt collectors under the FDCPA.

As Defendants point out, courts have dismissed complaints containing similar conclusory allegations that defendants were "debt collectors" along with mere recitations of the statutory definition. For example, in *Cook v. Hamrick,* the United States District Court in Colorado dismissed an FDCPA claim against the defendant lawyers because the plaintiff "merely parrot[ed] the language of § 1692a(6) to assert [defendant] is a 'debt collector' within the meaning of the Act . . . and offer[ed] no factual basis to conclude that [defendant] regularly represent[ed] creditors in consumer or any other debt collection activities." 278 F.Supp.2d 1202, 1205 (D. Colo. 2003) (internal citations omitted). *See also Alleyne v. Midland Mortg. Co.*, No. Civ. A. 05-CV-02412 PS, 2006 WL 2860811, at ** 2–3, * 11 (D. Colo. Sept. 12, 2006) (unpublished) (granting motion to dismiss FDCPA claim because plaintiff failed to provide a factual basis in the complaint for a finding that law firm "regularly engaged in consumer debt-collection

---

[8] Montoya further alleges that by refusing to return the $7,000 collected from Montoya and by refusing to remove the lis pendens filed in Sandoval County, Defendants have violated the FDCPA §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(8), and 1692e(10). (Compl. ¶¶ 28–29.) Section 1692e(2)(A) provides that a debt collector may not use "false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . through the false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Subsection (2)(B) prohibits a debt collector from making a false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. § 1692e(2)(B). Subsection (8) prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). Subsection (10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

litigation on behalf of creditor clients."). Therefore, quotations from the statutory definition are insufficient to satisfy the pleading requirement for FDCPA claims. *See Bilal v. Chase Manhattan Mortgage Corp.*, No. 05 C 7120, 2006 WL 1650008, at *3 (N.D. Ill. June 13, 2006) (unpublished) (dismissing an FDCPA complaint that simply stated that the defendants were debt collectors as defined in the statute without any "factual basis that any of the Defendants are debt collectors as defined by the FDCPA.").

In addition, specific allegations about debt collection activities in a certain case are insufficient to meet the pleading standard. As stated by the Fifth Circuit Court of Appeals in *Kaltenbach v. Richards*, "[u]nder [15 U.S.C. § 1692a(6)], a party's general, not specific, debt collection activities are determinative of whether they meet the statutory definition of a debt collector. Whether a debt collector's specific action qualifies as the collection of a debt may or may not be relevant when determining whether the party must comply with other, specific substantive requirements of the FDCPA, but that is a separate inquiry from whether the party meets the general statutory definition of a debt collector." 464 F.3d 524, 529 (5th Cir. 2006). Therefore, Montoya's allegations that Defendants engaged in collection activities in this case have very limited significance when determining the validity of the FDCPA claim. *Id.*

In contrast, the Eleventh Circuit Court of Appeals in *Reese v. Ellis* reversed a decision dismissing claims by a plaintiff who alleged that, based on public records, a law firm defendant had sent collection letters to more than 500 people in the previous year. 678 F.3d 1211, 1218 (11th Cir. 2012) (finding that complaint plausibly alleged that law firm was a "debt collector" under FDCPA). *See also Haynes v. McCalla Raymer, LLC*, 2013 WL 2452241, at * 3 (N.D. Ga. June 5, 2013) (finding sufficient allegations to support claim against law firm that advertised itself as "a leading provider of legal services to the mortgage banking industry" and as a "leader

in the residential mortgage default industry."); *but see Beckles v. Aldridge Connors, LLP*, 1:12-CV-03377-JEC, 2013 WL 5355481, at *5 (N.D. Ga. Feb. 27, 2013), *report and recommendation adopted sub nom. Beckles v. Aldridge & Connors, LLP*, 1:12-CV-3377-JEC-WEJ, 2013 WL 5354240 (N.D. Ga. Sept. 24, 2013) (discussing *Reese*) ("Although the instant Complaint, like the one in *Reese,* alleges that the law firm is engaged in the business of collecting debts, it does not make any additional allegations showing regular debt collection by [the law firm].").

In the Complaint, Montoya alleges no facts from which the Court could reasonably infer that Defendants regularly attempt to collect debts on behalf of clients other than O'Brien. Therefore, under the plain language of § 1692a(6) and the case law, the Court will dismiss the Complaint.

B. *Montoya's Proposed Amended Complaint would be subject to dismissal.*

In his Response, Montoya asks in the alternative that the Court allow him to file a proposed First Amended Complaint (Amended Complaint) attached to the Response as Exhibit A. In the Amended Complaint, Montoya adds no facts, but repeats and expands quotations of the statutory language. Montoya alleges that "[u]pon information and belief, Defendant O'Friel 'regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.' 15 U.S.C. § 1692a(6)." (Am. Compl. ¶ 6.) Montoya further alleges that "[u]pon information and belief, Defendant O'Friel's collections activities include filing wage garnishment actions and filing Transcripts of Judgment with various County Clerks in the State of New Mexico." (*Id.* ¶ 7.) In the Amended Complaint, Montoya uses the same language to allege that Defendant O'Friel & Levy "'regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.' 15 U.S.C. § 1692a(6)." (*Id.* ¶ 9.) And, Montoya asserts that Defendant O'Friel & Levy's "collections activities include filing wage

13

garnishment actions and filing Transcripts of Judgment with various County Clerks in the State of New Mexico." (*Id.* ¶ 10.)

Without specific factual support, these allegations, based on information and belief, are insufficient to avoid dismissal of his FDCPA claim. *See Beepot v. J.P. Morgan Chase National Corporate Services*, *Inc.*, 57 F.Supp.3d 1358, 1375–76 (M.D. Fla. 2015) (dismissing FDCPA claim against lawyers because plaintiffs asserted in a conclusory manner that "on information and belief" Chase National was a debt collector within the meaning of the statute because it "regularly collects debt owed to another person."). *See also Barber v. Lublin*, No. 1:13-CV-975-TWT, 2013 WL 6795158, * 9 (N.D. Ga. Dec. 20, 2013) (unpublished) (stating that merely quoting the statutory definition of debt collector was insufficient to state an FDCPA claim because "[s]uch an assertion is not only void of factual content but also a legal conclusion that the Court cannot consider."). In sum, Montoya's Complaint and Amended Complaint fail to plead specific facts that allow the Court to infer that Defendants are "debt collectors" within the meaning of the FDCPA. Hence, the Complaint will be dismissed without leave to amend. *See Foman v. Davis,* 371 U.S. 178, 182 (1962) (holding that leave to amend complaint may be denied when amendment would be futile because amended complaint would be subject to dismissal); *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (stating that a district may deny leave to amend a complaint if it would be futile and that a proposed amendment is futile if subject to dismissal).

IT IS ORDERED that the DEFENDANTS' MOTION TO DISMISS (Doc. No. 9) is granted, and the COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (Doc. No. 1) will be dismissed with prejudice.

*[signature: James A. Parker]*

SENIOR UNITED STATES DISTRICT JUDGE